**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.M. DANIELS II,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER JOHNSON, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:19-cv-01601-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND FAILURE TO COMPLY WITH A COURT ORDER**<br><br>**ORDER FOR CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(ECF Nos. 1, 9)** |

L.M. Daniels II ("Plaintiff") is a prisoner or pre-trial detainee[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 12, 2019. (ECF No. 1). Plaintiff filed a subsequent notice to amend the complaint on March 19, 2020. (ECF No. 7.)

The Court screened Plaintiff's complaint on April 17, 2020. (ECF No. 9). In its screening order, the Court found that Plaintiff failed to state a federal claim and lacked jurisdiction over any potential claim against inmate Leuvand. (*Id.*). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wants to stand on his complaint, subject to the Court issuing findings and recommendations to a district judge

---

[1] Plaintiff does not state whether he was a convicted prisoner or pretrial detainee at the time of the event he describes. He says he was confined in Fresno County Jail, where many pretrial detainees are housed.

1

consistent with the screening order. (*Id*. at 8). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id*.)

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons described in the screening order (ECF No. 9) and below, the Court will recommend that Plaintiff's case be dismissed for failure to state a claim. The Court will also recommend that Plaintiff's case be dismissed for failure to comply with a court order, failure to prosecute, and lack of subject matter jurisdiction.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal

conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows:

In 2016, Plaintiff sued the facility. In November 2019, Plaintiff was sleeping in his single cell at the Fresno County Jail on the medical floor for security reasons. Officer Johnson (in his March 19, 2020 notice, Plaintiff advised that the officer's name was actually Jackson, (ECF No. 7)), and other officers allowed inmate Gewalo to access to Plaintiff's cell to assault Plaintiff. This occurred from November 1, 2019 through November 7, 2019. Plaintiff alleges cameras will prove this.

Plaintiff's subsequent notice alleges that an inamte slapped, punched, and sexually assaulted him. He alleges these occurred on November 12, 2019, from 2:00-5:00 pm., and a foreign object was used during the sexual assault. Additionally, on December 7, 2019, from 11:00 am – 12:00; January 7, 2020, from 11:30 a.m.-12:30 p.m. in the second floor, Cell A-1 of the main jail, [illegible] from A-2, which was the assailant's cell.

Plaintiff also alleges inmate Daniel D. Luevand was an assailant and requests he be added as a defendant. He also requests Marquez be added as a defendant.

## III.    EVALUATION OF PLAINTIFF'S CLAIMS

### A.    Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

3

U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

"Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury.  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.  These are action[s] for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (alteration in original) (citations and internal quotation marks omitted).

**B.     Failure to Protect**

The Ninth Circuit has set forth the following guidance regarding claims for failure to protect for pretrial detainees under the Fourteenth Amendment:

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[] on the facts and circumstances of each particular case.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (alteration in original) (footnote, citation, and internal quotation marks omitted).

Plaintiff's complaint does not contain sufficient facts for the Court to conclude that, even if true, the defendant officers are liable for a constitutional claim of failing to protect Plaintiff. Plaintiff alleges he was assaulted by an inmate who was put in his cell.  However, he does not describe facts that would show that any of the defendant officers understood the high degree of risk in putting that inmate in his cell.  In other words, he does not allege facts that the defendant

5

1 officers knew or should have known that the inmate would assault Plaintiff when they put the
2 inmate in his cell.  Plaintiff's complaint does not describe anything he told the officers about that
3 inmate, or anything they knew about that inmate before putting him in Plaintiff's cell.  He also
4 does not describe how they could have prevented the assault on Plaintiff.  Without this
5 information, the Court cannot conclude that, even if Plaintiff's allegations are true, any individual
6 officer defendant made an intentional decision that put Plaintiff at substantial risk of harm, that a
7 reasonable officer would have appreciated the high degree of risk involved, and that the
8 individual defendants' failure to take certain measures caused Plaintiff's injuries.
9 The Court gave Plaintiff leave to amend in part to facts regarding what the officer
10 defendants knew about the inmate, if Plaintiff chose to do so, but Plaintiff did not file an amended
11 complaint.

12      **C.**     **Claims Against Inmate Leuvand**

13 Plaintiff's notice indicated he wishes to add Luevand, the inmate he alleges assaulted him,
14 as a defendant.  Plaintiff does not explain what claim he is seeking against inmate Leuvand.
15 However, it appears that any claim against inmate Leuvand would be under state law.  Given that
16 the Court is finding no federal claims, it lacks jurisdiction over any state law claims against
17 inmate Luevand.
18 As described above, to state a claim under section 1983 for a violation of Plaintiff's
19 constitutional rights, a plaintiff must allege that (1) the defendant acted under color of state law,
20 and (2) the defendant deprived him of rights secured by the Constitution or federal law.
21 Inmate Leuvand is not employed by Fresno County Jail and is not acting "under color of
22 state law."  He is a private person.  Thus, he cannot be sued for violating Plaintiff's constitutional
23 rights under Section 1983.

24 **IV.**     **FAILURE TO FILE RESPONSE TO SCREENING ORDER**

25 Despite the Court's order for Plaintiff to file a response within 30 days of the order,
26 Plaintiff failed to file any response to the Court's screening order.
27 "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to
28 comply with a court order, the Court must weigh the following factors: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

**V.    CONCLUSION AND RECOMMENDATIONS**

After weighing the factors, the Court finds that dismissal with prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed for failure to state a claim, failure to prosecute, lack of subject matter jurisdiction, and failure to comply with a court order; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **June 1, 2020**                          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE